THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALFONSO LÓPEZ CARRASQUILLO, Defendant and Appellant.

No. 14208. Argued January 9, 1950.—Decided January 17, 1950.

754

*Santos P. Amadeo, Ángel Cruz Cruz, Práxedes Álvarez Leandry* and *Enrique B. Trujillo,* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Section 185, Code of Criminal Procedure, 1935 ed., required the verdict of a jury to be unanimous. This was amended to provide that the verdict could be by agreement of not less than ¾ of the jury. Section 2, Act No. 11, Laws of Puerto Rico, 1948, Special Sessions, p. 214. Paragraph 8 of § 2 of the Organic Act, 48 U.S.C. § 737, reads as follows: "That no *ex post facto* law or bill of attainder shall be enacted." The question here is whether it was a violation of this *ex post facto* clause for a jury to return a verdict of guilty by a ¾ vote in a case where the crime was committed prior to passage of Act No. 11.

The *Fiscal* filed an information in the district court charging the defendant with having committed embezzlement of a felonious nature in December, 1947. Act No. 11 was approved on August 12, 1948. The case was tried before a jury on September 13, 1948. The instructions of the court to the jury made no mention of the vote required to return a valid verdict. And neither party requested the court to instruct the jury thereon. It therefore was not told whether its verdict must be unanimous or whether it could return a verdict by a ¾ vote. Nevertheless, the jury returned a verdict of guilty with 9 jurors voting in the affirmative and 3 in the negative. The district court ac-

cepted the verdict as authorized by Act No. 11 and sentenced the defendant to imprisonment of one to five years.

 The only error assigned on appeal is that the application of Act No. 11 to the instant case violates the *ex post facto* clause. The Assistant *Fiscal* of this Court concedes and we agree that where as here the law in force when an offense was committed required a unanimous verdict by a jury of twelve, a subsequent statute like Act No. 11 permitting conviction by a ¾ vote is *ex post facto* as applied to that offense. The theory is that to apply the subsequent statute to the prior offense would be to alter the situation of the accused to his disadvantage. *State* v. *Ardoin*, 24 So. 802 (La., 1899); *Thompson* v. *Utah*, 170 U. S. 343; Rottschaefer on Constitutional Law, pp. 767, 776; 2 Willoughby on The Constitution of the United States, p. 1135.[1]

The Assistant *Fiscal* nevertheless argues that the defendant waived this constitutional right. We are by no means certain that the conduct of the defendant constituted a waiver as a question of fact. But even if we assume it did, the Supreme Court has held, as the Assistant *Fiscal* also concedes, that the right to the same jury vote required when the offense was committed is a constitutional right under the *ex post facto* clause which cannot be waived. *Thompson* v. *Utah, supra*, p. 353–4. This seems somewhat inconsistent with the familiar proposition that other similar constitutional rights may be waived. But the *Thompson* case is clear on this point and we are therefore constrained to follow it.[2]

The judgment of the district court will be reversed and the case remanded for a new trial.

---

[1] *Cf. Ex parte Castro*, 69 P.R.R. 921; *Vázquez* v. *Rivera, ante*, p. 203.

[2] In the *Thompson* case the earlier law provided for a unanimous verdict by a jury of twelve; the subsequent statute provided for a unanimous verdict by a jury of eight. But the same principle applies where as here the change is from a unanimous verdict to a ¾ verdict.